IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:08cv933-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.  Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq, alleging that she was unable to work because of a disability.  Her application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3).

---

[1]  Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

The parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)    Is the person presently unemployed?
> (2)    Is the person's impairment severe?
> (3)    Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)    Is the person unable to perform his or her former occupation?
> (5)    Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A.  Introduction**.  Plaintiff Elizabeth Smith ("Smith") was 50 years old at the time of the hearing before the ALJ.  (R. 302).  She has a high school education and completed some banking courses.  (*Id*.).  Her prior work experience includes work as a bank teller and

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

a customer service representative.  (R. 18).  Following the hearing, the ALJ concluded that the plaintiff has severe impairments of "hypertension, rotator cuff tendinopathy, AC joint pain, connective tissue overlap syndrome with lupus and Sjögren's syndrome,[4] fibromyalgia, and lumbar radiculopathy.  (R. 13).  The ALJ also concluded that Smith's depression did not constitute a severe impairment.  (R. 14.).  The ALJ concluded that Smith had the residual functional capacity to perform a "wide range of light work" but that she was unable to perform her past relevant work.  (R. 15, 18).  Relying on the testimony of a vocational expert, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Smith could perform, and thus, she was not disabled. (R. 19).

   **B.  Plaintiff's Claims**.  On December 2, 2008, the court entered a scheduling order in this case requiring the parties to file briefs specifically setting forth the issues for the court's consideration in this case.  The plaintiff was specifically directed to include "a section titled "Statement of the Issues," and "*in numbered paragraphs*, . . . state in a *concise, specific manner* each issue which the plaintiff presents to the court for resolution."  (Doc. # 2, at 2, ¶ 4) (emphasis in original) (footnote omitted).  The plaintiff was warned that "[i]ssues not presented in the Statement of the Issues will not be considered"  and she was specifically warned that "general statements of issues such as "the ALJ's decision is not supported by substantial evidence" will not be considered by the court."  (*Id.*)

   On April 23, 2009, the plaintiff filed a two-page brief in which she asserted "[t]he

---

[4] Sjögren's syndrome is a disease linked to rheumatic and autoimmune diseases.  Sjögren's sydrome causes dry eyes and mouth.  *See* http://www.nlm.nih.gov/medlineplus/sjogrenssyndrome.html

record refutes the claim of the administrative law judge's findings." (Br. at 1).  The plaintiff then made a cursory reference to some of the law of this circuit applicable to assessing the credibility determination of the ALJ.  However, she failed to apply any law to the unique facts of this case.  Her partial recitation of the law, with no attendant facts, completely ignored the directives of this court regarding specifically setting forth the **issues in a concise, specific manner** in a Statement of Issues.

The plaintiff was then directed to file a brief in compliance with this court's order.  While the plaintiff numbered three paragraphs, she failed to identify, with any degree of coherency, the specific issues she presents.  It is not the court's function to distill every generality into a cogent argument.  As best the court can discern, the plaintiff is challenging the ALJ's pain analysis and credibility determination, and it is to those issues the court now turns.

## IV.  Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to his past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends, and (4) the claimant's age, education, and work history.  *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983).  The court must scrutinize the record in its entirety to determine the reasonableness of the ALJ's decision. *See Walker,* 826 F.2d at 999.  The ALJ must

5

conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

Smith contends that, if the ALJ had found her pain testimony credible and supported by the medical evidence she would be disabled. As explained below, the ALJ did not fully credit Smith's testimony. "Subjective pain testimony supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which the plaintiff complains is *itself* sufficient to sustain a finding of disability." *Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987). The Eleventh Circuit has established a three-part test that applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. *Landry,* 782 F.2d at 1553; *see also Holt*, 921 F.2d at 1223. This standard requires evidence of an underlying medical condition *and either* (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (2) an objectively determined medical condition of such severity that it can reasonably be expected to give rise to the alleged pain. *Landry,* 782 F. 2d at 1553. In this circuit, the law is clear. The Commissioner must consider a claimant's subjective testimony of pain if he finds evidence of an underlying medical condition and the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry*, 782 F.2d at 1553. Thus, if the Commissioner fails to articulate reasons for refusing to credit a claimant's subjective pain

testimony, the Commissioner has accepted the testimony as true  as a matter of law.  This standard requires that the articulated reasons must be supported by substantial reasons.  If there is no such support then the testimony must be accepted as true.  *Hale*, 831 F.2d at 1012.

At the administrative hearing, the plaintiff testified that her hands cramp and that this pain prevents her from working.  (R. 304).  When asked why she can't work, the plaintiff responded as follows.

> Well, when I was working in banking, I worked in the part of the department called customer service.  And doing that process, I had to climb two flights of stairs to get to the room that I needed to work in.  That became a problem and then I got to my room that I was working in, these bags weigh about maybe 20, 25 , maybe 30 pounds.  And those bags I had to pick up and I sprained my back.  They called it a lumbar sprain and in tossing the bags, I pulled my shoulder.  And it caused a tear in my left shoulder.

(R. 304-05).  She also testified that she has a bone spur on her left heel and that "[her] body constantly aches."  (R. 305).  On a scale of 1 to 10, she testified that her pain was an 11.  (R. 307).  If she takes her medication, Smith testified that the pain was "tolerable," but without medication, the pain is "really, really bad."  (*Id.*).

Smith testified that she could feed, bathe and dress herself.  (R. 308).  She could "do a little cooking," and could shop for groceries.  (R. 308-09).  She thought she could walk a block, stand on her feet for approximately 20 minutes, sit comfortably for 15 minutes, and carry less than 10 pounds.  (R. 309-10).  She could push and pull a door or a grocery cart.  (R. 300).  She could bend over to pick up her purse and could climb "a couple of stairs slowly."  (R. 311).

Prior to reciting the law and describing the medical evidence, the ALJ acknowledged

7

that Smith has impairments that would reasonably be expected to produce the type of pain about which she complains but the ALJ then concluded that Smith's testimony was "not entirely credible." (R. 17). Before discounting Smith's testimony, the ALJ considered her testimony and her daily activity reports with her doctors' treatment and progress notes as well as other medical evidence of record. (R. 16). The ALJ then discredited Smith's testimony regarding the "intensity and level of severity of pain and other symptoms are not entitled credible in that they are not supported by the record of evidence." (R. 17.) If this were the extent of the ALJ's credibility analysis, the plaintiff might be entitled to some relief. However, the ALJ continued his analysis.

> For example, no medical source of record has offered a disability opinion. Progress/treatment notes do not show that any medical source placed restrictions or limitations on the claimant's functional capacity on or after her alleged disability onset date.

(R. 17)

The ALJ then recited the medical evidence, interspersing reasons for discounting the plaintiff's testimony. For example, the ALJ discusses a notation by Dr. Fraser in which he stated that Smith "needed a note setting out her restrictions; however, other than a statement that the claimant "cannot" lift 25 pound boxes, no restrictions were indicated at that time." (R. 17). The ALJ also noted that "there is nothing recorded in Dr. Fraser's office visit notes to suggest that she felt the claimant was functionally incapacitated." (*Id*.) Finally, the ALJ referenced Dr. Fraser's note that Smith "prefers to avoid medications so she never did try the previously prescribed Elavil or Naproxen." (R. 18).

8

The ALJ also considered Dr. Davidson's treatment of the plaintiff noting that "Dr. Davidson placed no functional limitations or restrictions on the claimant's activities at that time." (*Id*.)  Although physical therapy treatment notes demonstrated that Smith's range of motion and strength were improving, she reported no improvement in her shoulder.  (*Id*.)  The ALJ also considered Smith's unwillingness to undergo shoulder surgery when considering her credibility.  (R. 17).

Where an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and adequate *reasons* for doing so, or the record must be obvious as to the credibility finding.  *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Dept. of Health & Human Servs.*, 941 D.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "'the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.'"  *Foote*, 67 F.3d at 1562, *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir 1983) (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court).  The ALJ has discretion to discredit a plaintiff's subjective complaints as long as he provides "explicit and adequate reasons for his decision." *Holt*, 921 F.2d at 1223.  Relying on the treatment records, objective evidence, and Smith's own testimony, the ALJ concluded that the plaintiff's underlying conditions are capable of giving rise to some pain and other limitations, however not to the extent described by the plaintiff. Consequently, he discredited the plaintiff's testimony that she suffers from

disabling, intractable pain.  After a careful review of the record, the court concludes that although the ALJ's reasons for discrediting the plaintiff's testimony could have been more clearly articulated, his reasons were supported by substantial evidence, and are minimally sufficient.

The medical records support the ALJ's conclusion that while Smith has conditions that could reasonably be expected to produce pain, Smith was not entirely credible in her description of that pain.  For example, on November 20, 2003, Smith denied that she was suffering from diffuse arthralgias but did complain of chronic knee problems.  (R. 171).  On December 16, 2003, Smith was released to return to work after a lumbar strain/sprain that occurred in August 2003.  (R. 269).

On May 7, 2004, Smith was diagnosed with Sjögren's syndrome and fibromyalgia. (R. 192-93, 232-33).  She had previously been prescribed Plaquenil which she chose not to take.  (*Id.*)  She was prescribed Elavil, Naproxen and Vicodin for her fibromyalgia.  (*Id.*).

On June 17, 2004, Smith complained of pain in her left shoulder and sciatica pain but indicated at that time she chose not to take Elavil.  (R. 190-91, 232-33).  On July 30, 2004, Smith was referred for an evaluation of her recurrent shoulder pain.  (R. 211, 242-243). Although she was in no acute distress, she demonstrated marked pain upon elevation.  (*Id*). On August 5, 2004, Smith complained of pain in multiple areas but admitted that she had not taken the Naproxen, Planquenil, or Elavil that had previously been prescribed.  (R. 182, 230-31).  Rather, she took Aleve because "she was already on too many medications and does not believe she can keep these straight."  (*Id*.).  Dr. Dresdner recommended trying Planquenil and

a different NSAID but Smith declined both medications.  (*Id.*)  Dr. Dresdner also suggested

that Smith "consider pain management.  She might get better. She might be able to continue

to work."  (*Id.*)  There is no indication in the record that Smith sought any pain management

counseling.

On September 10, 2004, Dr. Davidson recommended shoulder surgery to treat Smith's

impingement and persistent rotator cuff tendinopathy.  (R. 213, 228).  Smith declined

surgery.  (*Id.*)

In October 2004, Smith complained of pain on a daily basis but admitted that she was

only taking Aleve and Advil and occasionally Vicodin.  (R. 81).  On December 2, 2004,

Smith reported that she "[felt] miserable" due to the pain.  However, she would only take

Vicodin and declined to try the previously prescribed Naproxen or Elavil.  (R. 184-85).

On March 31, 2006, Dr. Fraser noted that Smith "works despite her disease."[5]  (R.

180).  On August 23, 2006, Smith complained of generalized pain and fatigue but appeared

to be in no distress.  (R. 187).  She still had not taken Elavil.  (*Id.*)  Although she had tried

Plaquenil, she did not believe it was helping.  (*Id.*)  She also was not doing her range of

motion exercises for her shoulder on a regular basis.  (R. 188).

In addition, Smith's failure to follow prescribed medical treatment precludes a finding

of disability in this case.  The Commissioner may deny benefits for the failure to follow

treatment when the claimant, without good reason, fails to follow a prescribed course of

_____

[5]  Smith testified that she last worked in August 2004.  (R. 304).

treatment that could restore the ability to work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990); *McCall v. Bowen*, 846 F.2d 1317, 1319 (11th Cir. 1988). The determination that prescribed treatment would restore a claimant's ability to work must be based on substantial evidence. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988). When noncompliance with a prescribed course of treatment is at issue, the ALJ has a duty to fully investigate the possible reasons for the alleged noncompliance. *Lucas v. Sullivan*, 918 F.2d 1567, 1572-73 (11th Cir. 1990).

The medical records indicate that Smith repeatedly refused to take medications as prescribed. (R.182, 184-85, 190-91, 192-93, 230-31, 232-33, 234-35 ). She did not do her range of motion exercises for her shoulder regularly as prescribed and, ultimately, declined surgery. (R. 188, 213, 228). Furthermore, there is no indication that Smith sought pain management treatment. (R. 189). Thus, there is substantial evidence indicating that Smith failed to follow a prescribed course of treatment. Smith has failed to offer any "good reason" for her failure to take her prescribed medication or seek other medical treatment. This court concludes that the Commissioner's decision to deny benefits is supported by substantial evidence.

To the extent that the plaintiff is arguing that the ALJ should have accepted her testimony regarding her pain and swelling, as the court explained, the ALJ had good cause to discount her testimony. This court must accept the factual findings of the Commissioner if they are supported by substantial evidence and based upon the proper legal standards. *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). Consequently, after a careful review of the

record, the court concludes that the ALJ's reasons for discrediting the plaintiff's testimony were both clearly articulated and supported by substantial evidence.

     **2. Questioning of Vocational Expert.** Although Smith does not raise this issue, the court is compelled to comment on the ALJ's questioning of the vocational expert. "When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). At the administrative hearing, in formulating his hypotheticals to the vocational expert, the ALJ described the plaintiff's impairments but did not include pain in his questions. While the ALJ erred by failing to include pain in the hypothetical, the court concludes the error is harmless. First, Smith does not raise this as an issue. More importantly, however, the record is clear that her pain is not of an extent that it would impair her ability to do work at the light level.

     "Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." *Ingram v. Comm'r of Soc. Sec. Admin.,* 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)). *See also Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir. 1988). This the plaintiff has failed to do.

## V.  Conclusion

     The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled. Thus, the

court concludes that the decision of the Commissioner is supported by substantial evidence

and is due to be affirmed.

A separate order will be entered.

Done this 11th day of December, 2009.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

14